UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE HOUSTON, a/k/a
TYRONE BLACK,

                    Plaintiff,

                                            Case # 14-CV-6609-FPG

v.

                                            DECISION AND ORDER

R. COVENY, et al.,

                    Defendants.
_____

*Pro se* Plaintiff Tyrone Houston is a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") who brought this suit alleging that the Defendants, some seventeen DOCCS employees, retaliated against him for filing a prior lawsuit, in violation of his constitutional rights. Now before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis* status and to dismiss this action. ECF No. 15. Because Plaintiff has accumulated more than three strikes and because he is not in imminent danger of death or serious physical injury, the Motion is granted, Plaintiff's *in forma pauperis* status is revoked, and the Complaint is dismissed without prejudice.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that an inmate may not proceed *in forma pauperis* ("IFP") "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Prior to commencing this action on October 28, 2014, the Plaintiff had at least three actions dismissed as being frivolous or for failing to state a claim[1]. *See, e.g., Houston v. Goord, et al.,* No. 09-1580-PR (2d Cir. Aug. 26, 2009) (dismissing appeal pursuant to 28 U.S.C. § 1915(e) "because it lacks an arguable basis in law or fact"); *Houston v. Horn, et al.,* No. 10-2333-PR (2d Cir. Nov. 23, 2010) (dismissing appeal pursuant to 28 U.S.C. § 1915(e) "because it lacks an arguable basis in law or fact"); *Houston v. City of New York, et al.,* No. 06-CV-2094 (RJD)(LB) (E.D.N.Y. Mar. 28, 2013) (dismissing action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

The Plaintiff argues that although these cases were dismissed, they should not count as strikes because the dismissal orders themselves do not characterize the dismissals as strikes, nor do those orders cite 28 U.S.C. § 1915(g). I disagree.

The Second Circuit has directed district courts to:

> *not* issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately-upon determination at the appropriate time-qualify as strikes under the terms of § 1915(g). On the other hand, as we also noted in *Snider,* the district court judgments *should* clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is 'frivolous,' 'malicious,' or 'fails to state a claim,' whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons. These judgments should also state whether the dismissal is with prejudice or without." Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g)."

*Deleon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004) (internal alterations, quotations, and citations omitted).

In other words, the analysis of whether a dismissal counts as a strike is not properly made when the original case is dimissed, but rather, when a court is reviewing a motion to invoke the

---

[1] The Plaintiff is well aware of these three dismissals, since he attached copies of them to his Response to the instant Motion. *See* ECF No. 17.

three stirkes rule – as is the case here. For that reason, the fact that the prior dismissal orders do not themselves characterize the dismissal as a strike (or cite to the three strikes rule, 28 U.S.C. § 1915(g)) is irrelevant, and does not provide any relief for the Plaintiff.

Further, the prior dismissal orders at issue here provide more than a sufficient basis to conclude that the dismissals should count as strikes. Both *Houston v. Goord, et al.,* No. 09-1580-PR (2d Cir. Aug. 26, 2009) and *Houston v. Horn, et al.*, No. 10-2333-PR (2d Cir. Nov. 23, 2010) were dismissed by the Second Circuit because they "lack[ed] an arguable basis either in law or in fact" which both the Second Circuit and the Supreme Court have held to be the very definition of a frivolous claim. *Tafari v. Hues,* 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). Similarly, the dismissal order in *Houston v. City of New York, et al.*, No. 06-CV-2094 (RJD)(LB) (E.D.N.Y. Mar. 28, 2013) clearly states that the dismissal was under Fed. R. Civ. P. 12(b)(6), which provides for dismissals where the complaint fails to state a claim upon which relief could be granted. As such, these three dismissals count as strikes, and the Plaintiff may not proceed *in forma pauperis*[2].

## CONCLUSION

Because the Plaintiff accumulated at least three strikes prior to commencing this action, he may not proceed *in forma pauperis* in this case. Defendants' Motion (ECF No. 15) to revoke Plaintiff's *in forma pauperis* status is GRANTED, Plaintiff's *in forma pauperis* status is hereby REVOKED and the Complaint is DISMISSED without prejudice to refile with payment of the

---

[2] The PLRA provides a narrow safety valve, allowing a prisoner who is in "imminent danger of serious physical injury" to avoid application of the so-called three strikes rule. *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis,* 293 F.3d 559, 562–63 (2d Cir. 2002). However, this provision is not at issue in this case, since there is no allegation or claim that the Plaintiff was in any way under imminent danger at the time he filed this action.

$400.00 filing fee within 14 days. Given this disposition, Plaintiff's Motion to Amend (ECF No. 13) is DENIED AS MOOT.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 16, 2015
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court