UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TYRONE HOUSTON,
        Plaintiff,

v.

COVENY, et al.,
        Defendants.

---

**DECISION AND ORDER**
14-cv-6609

Currently pending before the Court are three motions filed by plaintiff (1) to compel defendants to preserve certain information; (2) to appoint counsel; and (3) to sanction defense counsel. See Docket ## 57, 60, 62. This Decision and Order addresses all three motions.

1. <u>Motion to Preserve Evidence (Docket # 57)</u>: Plaintiff asks that the Court Order defendants "to preserve the 9/8/15, 9/29/15, 9/30/15, 10/1/15, 10/6/15, 11/6/15, 12/22/15, and 12/31/15 videos and audios recordings" of plaintiff's tier and grievance hearings. These video and audio recordings are related to claims included in plaintiff's proposed amended complaint.[1]  Plaintiff has attached letters from the Department of Corrections and Community Supervision (DOCCS) stating that

---

[1] Plaintiff has sought to amend his complaint in order to, *inter alia*, add twenty-four new defendants. Defense counsel has opposed the proposed amendments. See Docket # 56. The validity of the proposed amended complaint is currently being considered by Chief Judge Geraci.

the recordings (which plaintiff requested via the Freedom of Information Law) will be retained for one year. See Ex. A.

Plaintiff's request is **granted**. Under the Federal Rules of Civil Procedure, defendants are bound to preserve material related to litigation. See Fed. R. Civ. P. 37. For that reason, "a specific order from the court directing one or both parties to preserve evidence is not ordinarily required." Micolo v. Fuller, 15-CV-6374EAW, 2016 WL 158591, at *1 (W.D.N.Y. Jan. 13, 2016) (citation omitted). However, the Court may grant a preservation Order if a party can demonstrate that the evidence is in some danger of being destroyed absent court intervention. Id. Given plaintiff's exhibits detailing DOCCS' retention policy, the Court finds it appropriate to ensure that the recordings are preserved throughout the pendency of this case. Although it is not yet clear that plaintiff's amended complaint will become the operative pleading, the recordings at issue are the subject of pending litigation, and thus should be preserved. See West v. Goodyear Tire & Rubber Co., 167, F.3d 776, 779 (2d Cir. 1999) (defining spoliation of "evidence in pending or reasonably foreseeable litigation."). Accordingly, defendants shall suspend "its routine document and retention/destruction policy" and are hereby on notice to preserve all evidence reasonably related to plaintiff's existing

and proposed claims. Luellen v. Hodge, No. 11-CV-6114P, 2014 WL 1315317, at *5 (W.D.N.Y. Mar. 28, 2014) (quoting Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)).

2. <u>Motion to Appoint Counsel (Docket # 60)</u>: Plaintiff states that he requires the assistance of counsel because his case involves "several different legal claims and that each claim involves different defendants," that will require expert testimony and further investigation which he will be unable to perform. See Docket # 60 at 7-8. At this juncture, plaintiff's motion for counsel is **denied** without prejudice.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff is well aware of this fact as he is a repeat litigant before the Court. See Decision and Order (Docket # 19) (revoking plaintiff's *in forma pauperis* status based on the three strike rule of 28 U.S.C. § 1915(g)). Having reviewed the complaint and considered the nature of the factual and legal issues involved, I conclude that appointment of counsel is not warranted at this time. Mr. Houston is an experienced *pro se* litigator who has demonstrated proficiency in litigating his cases in federal court. Plaintiff has drafted legible, organized, cogent and appropriate pleadings, discovery demands and motions, and has shown that he

is capable of prosecuting his case. See Perkins v. Napoli, No. 08-CV-6248, 2011 WL 4530672, at *4 (W.D.N.Y. Sept. 28, 2011) (denying motion to appoint counsel where "[p]laintiff is an experienced *pro se* litigator who has shown he is perfectly capable of prosecuting his federal cases"); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying application where plaintiff seemed "capable of understanding and presenting the legal issues raised by his claims," as his papers were clear, addressed relevant issues, and cited pertinent case law); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002) (where plaintiff demonstrated his ability to present facts and draft pleadings and motions "backed by legal research," court declined to appoint counsel).

Given the limited resources available with respect to *pro bono* counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

3. Motion to Sanction Defense Attorney (Docket # 62): Plaintiff asks the Court to sanction defendants' counsel,

4

Assistant Attorney General Gary M. Levine, Esq., because Mr. Levine has filed "procedurally deficient Rule 12 and Rule 56 motions, as a[n] unnecessary delaying tactic and disrespect for the Court." Docket # 62 at 8. This motion is **denied**. First, the Court can discern no misconduct committed by defense counsel, and second, defense counsel has not filed a dispositive motion in this case. Moreover, a review of plaintiff's motion papers suggests that plaintiff is alleging counsel's misconduct in his other pending case in this district, <u>Houston v. Sheahan et al.</u>, 6:13-cv-6594-FPG. It is improper for plaintiff to seek sanctions in this case for something that has occurred in another case.

## Conclusion

For the reasons stated above, plaintiff's motion for preservation of evidence (Docket # 57) is **granted**. Plaintiff's motion for appointment of counsel (Docket # 60) is **denied**. Plaintiff's motion for sanctions (Docket # 62) is **denied.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: March 13, 2017
       Rochester, New York