UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE HOUSTON,

       Plaintiff,

  -v-                                                 14-CV-6609-FPG

MICHAEL COVEY, et al.,                        DECISION AND ORDER

       Defendants.
_____

## **INTRODUCTION**

*Pro se* Plaintiff Tyrone Houston ("Plaintiff"), an inmate confined at the Five Points Correctional Facility, has commenced this action against Defendants (who are prison officials) seeking relief pursuant to 42 U.S.C. § 1983 ("§ 1983") based upon numerous alleged violations of his civil rights during his confinement at this facility. ECF No. 1. Plaintiff also filed a Motion for leave to proceed i*n forma pauperis* ("IFP") (ECF No. 2), which was initially granted by the Court (ECF No. 4).

Defendants later filed a Motion to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g).[1] ECF No. 15. The Court agreed that Plaintiff's IFP status was subject to revocation and dismissed the original Complaint without prejudice to refile with payment of the filing fee. ECF No. 19. Plaintiff subsequently filed the $400.00 filing fee and the original Complaint was reinstated. ECF Nos. 21, 25). Defendants answered the original Complaint on December 15,

---

[1] This section provides that "a prisoner [may not] bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

2015. Thereafter, Plaintiff filed an Amended Complaint (ECF No. 48) and a Motion for Preliminary Injunction (ECF No. 65).

Plaintiff's Amended Complaint is currently before the Court for review pursuant to the 28 U.S.C. § 1915A criteria, which is discussed below.

## DISCUSSION

### I. The allegations

In his Amended Complaint, Plaintiff asserts the following causes of action against Defendants: (1) retaliation by filing false misbehavior reports, imposing various sanctions, the denial of an unbiased disciplinary hearing officer, threating to file false possession of contraband charges, and subjecting Plaintiff to unlawful cell searches and random drug tests because he filed complaints against certain prison officials; (2) destruction of Plaintiff's property, including a television and radio set and his legal papers; (3) denial of the right to access to courts; (4) sexual assault by Defendant L. Cady; (5) deliberate indifference to serious dental condition by Plaintiff's dentist, Defendant Mewar; and (6) filing false information in Plaintiff's educational records. Plaintiff is seeking an award of compensatory and punitive damages and reasonable attorney fees.

In their memorandum of law submitted in opposition to the Amended Complaint (ECF No. 56), Defendants asserted, *inter alia*, that: (1) claims concerning false misbehavior reports and false allegations against Plaintiff do not state constitutional deprivations; (2) an inmate does not have the right to be free from urine testing; (3) sanctions imposed against Plaintiff, including keeplock, were not atypical, and Plaintiff does not have a right to a recorded disciplinary hearing; (4) inmates have no right to a grievance, a particular result, or a properly processed grievance; (5) Plaintiff's retaliation claims are stated in wholly conclusory terms and without

factual allegations; (6) Plaintiff's property damage, altered educational records, missed law library visit, cell search, and reading of his legal papers claims are not cognizable under § 1983; and (7) the sexual assault claim against Defendant Cady does not allege a valid constitutional cause of action.

## II. Standard of Review

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Section 1915A provides that the Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if, at any time, the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). To state a claim under Section 1983, a plaintiff must establish: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. *See* 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

### A. Eleventh Amendment Immunity

As an initial matter, the Court finds that to the extent that Plaintiff is seeking money damages against Defendant prison officials in their official capacities, these claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1)-(2). The Eleventh Amendment divests the Court of subject matter jurisdiction over any claims for monetary damages against a New York State official acting in his or her official capacity unless the state has consented to the suit, or waived

this immunity, or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.") (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

B.  **Retaliation**

Throughout his Amended Complaint, Plaintiff makes repeated claims of retaliation. However, it is well settled that such claims cannot be stated "in wholly conclusory terms" but must instead contain factual allegations that are "specific and detailed." *Friedl v. City of New York*, 210 F.3d 79, 86 (2d Cir. 2000); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("A complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone."); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987). Further, a retaliation claim must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

In each cause of action, Plaintiff accuses Defendants of perpetrating the alleged constitutional violation in retaliation for his filing of grievances and filing of his prior, related civil action, *Houston v. Sheahan*, No. 13-CV-6594-FPG, 2016 WL 554849 (W.D.N.Y. Feb. 10, 2016) ("Case No. 13-CV-6594"), or both. However, with the exception of Plaintiff's retaliation claim against Defendant Cady concerning an alleged sexual assault, each claim of retaliation is stated in wholly conclusory terms or fails to assert a causal connection between the protected speech and the alleged adverse action. The Court notes that although one such instance, specifically the destruction of Plaintiff's legal documents on February 28, 2015, is alleged to

4

have occurred the day after the service of the Summons and Complaint in this case (ECF No. 48 at 15), the docket sheet reveals that the accused were not served until over two weeks later. *See* ECF No. 8).

With respect to Plaintiff's complaints about being unfairly added to the "Security Risk Group (SRG) Cell Searches and Random Drug tests" list, he has alleged no causal connection between the filing of his lawsuit and the implementation of random drug tests. Moreover, while "urinalyses performed for drug testing constitutes an illegal search when it is undertaken to harass an inmate," *Holmes v. Fischer*, No. 09-CV-00829S(F), 2016 WL 552962, at *7 (W.D.N.Y. Feb. 10, 2016), "[r]andom urinalysis testing has been upheld as constitutional under the Fourth, Fifth, and Fourteenth Amendments as an effective means for detecting and deterring prison drug use." *Oyague v. State*, No. 98 CIV. 6721 (TPG), 2000 WL 1231406, at *3 (S.D.N.Y. Aug. 31, 2000), *aff'd sub nom. Oyague v. State of New York*, 13 F. App'x 16 (2d Cir. 2001) (citing *Storms v. Coughlin*, 600 F. Supp. 1214 (S.D.N.Y. 1984)).

Plaintiff's retaliations claims are therefore dismissed as to all Defendants, apart from Defendant Cady.

With respect to the claims against Defendant Cady, Plaintiff alleges that on September 22, 2015, Cady stopped him in front of the school building entrance and ordered Plaintiff to put his hands on the wall. Defendant Cady violently pulled Plaintiff's pants upward, squeezing Plaintiff's genital and rectal areas tightly, and then kicked Plaintiff's right foot. Cady then squeezed Plaintiff's penis "real hard twice, causing painful swelling and blood urinations." As he did this, Cady told Plaintiff: "You want to keep writing me up, now I'm going to FU-K UP . . . it[']s on now and I'm going to search your cell right now. You can write all you want and nothing is going to happen, except I'm going to FU-K YOU." ECF No. 48 at 24. The Court

5

finds that Plaintiff has stated this claim with sufficient specificity at this stage of the proceedings, and Plaintiff's retaliation claim will go forward against Defendant Cady only.

## C. False allegations and misbehavior reports

Plaintiff alleges that certain Defendants have filed or threatened to file false disciplinary charges and misbehavior reports against him. It is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report" absent any additional factors, "such as retaliation against the prisoner for exercising a constitutional right." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"). As noted above, Plaintiff has not alleged any additional factors, such as retaliation, that give rise to a constitutionally guaranteed protection from the filing of false misbehavior reports. Although Plaintiff's retaliation claims against Defendant Cady are permitted to go forward, he has not alleged the retaliatory filing of any false charges by Cady. Therefore, these claims fail.

## D. Access to the Courts

With respect to Plaintiff's access to the courts claim for his missed law library visit and tampering with his legal documents, it is well settled a denial of access to the courts claim must contain non-conclusory allegations demonstrating that (1) the defendants acted deliberately and maliciously and (2) the plaintiff suffered an actual injury. *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 210 (N.D.N.Y. 2015) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). A plaintiff must also show that the actual injury suffered is traceable to the challenged conduct of prison officials. Actual injury is not shown unless a "nonfrivolous legal claim had been frustrated or was being

6

impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. In other words, the pleadings must allege how the missed visit and tampering with legal papers prejudiced his "ability to seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995).

Plaintiff alleges here that the interference with his law library special access visit caused the rejection of his "Article 78 Appeal in the 3rd Department." However, he fails to allege that a nonfrivolous legal claim was impeded or how it was so impeded by the conduct alleged. Plaintiff also alleges that several Defendants reviewed his legal papers, including his attorney-client communications, pending lawsuits, Article 78 petitions and exhibits, and his personal mail. Elsewhere in the Amended Complaint, he asserts that some of his transcripts were torn in half and thrown in the toilet. However, the pleadings are again devoid of factual allegations establishing actual injury traceable to Defendants' alleged conduct. *See e.g.*, *Therrien v. Martin*, No. 3:07-CV-1285JCH, 2007 WL 3102181, at *2 (D. Conn. Oct. 19, 2007) (holding that prison official confiscating and reading prisoner's letter to an Assistant Attorney General failed to demonstrate actual injury). Moreover, the limited First Amendment right to freedom from censorship of inmate mail "is not equivalent to freedom from inspection or perusal. As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting," *Wolff v. McDonnell,* 418 U.S. 539, 576 (1974), which is not the case here.

The Court finds that because Plaintiff has not alleged actual injury with respect the alleged law library restrictions and tampering of his legal papers, his access to the courts allegations fail to state a claim.

As a related matter, Plaintiff also challenges the cell search that was executed by Defendants for the alleged purpose of reading and/or tampering with his legal documents and

mail. However, it is well established that inmates have no constitutionally protected right of privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 527 (1984); *Gadson v. Goord*, No. 96 CIV. 7544 (SS), 1997 WL 714878, at *7 (S.D.N.Y. Nov. 17, 1997) ("the Supreme Court has held that searches of cells implicate no protected constitutional rights, even if the search is arbitrary or retaliatory in nature"); *Payne v. Axelrod*, 871 F. Supp. 1551, 1556 (N.D.N.Y. 1995) (holding that arbitrary prison cell searches are permissible). Consequently, Plaintiff's cell search claim is dismissed, as is his related retaliation claim, which states no causal connection between protected speech and the alleged adverse action.

### E. Property Damage, False Records, and Keeplock

The Court finds that Plaintiff's property damage, altered educational records, and keeplock sanction allegations do not state valid claims under section 1983.

With respect to personal property damage, Plaintiff alleges that his television and radio set was deliberately damaged by Defendant Hall. However, "[t]he Second Circuit has held that New York provides an adequate post-deprivation remedy in the Court of Claims with respect to property claims by prison inmates." *Brooks v. Chappius*, 450 F. Supp. 2d 220, 226–27 (W.D.N.Y. 2006) (citing *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) and *Love v. Coughlin*, 714 F.2d 207, 209 (2d Cir. 1983)). This claim is therefore dismissed.

With respect to Plaintiff's claim that false information was added to his educational records, he alleges that Defendants Parish and Bills falsely noted that Plaintiff had refused a mandatory education program. To sustain a claim for false records, a plaintiff must establish: (1) the existence of false information regarding his prior criminal or disciplinary history; (2) a probability that the information will be relied on in a constitutionally significant manner; and (3) that, as a jurisdictional predicate, he requested that the false information be expunged, but prison

8

officials declined to do so. *See Foster v. New York City Prob. Dep't*, No. 11-CV-4732 KAM JMA, 2013 WL 1342259, at *4 (E.D.N.Y. Mar. 7, 2013), report and recommendation adopted, No. 11-CV-4732 KAM JMA, 2013 WL 1305775 (E.D.N.Y. Mar. 30, 2013) (citing *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979) and *Antonucci v. David*, No. 9:03CV653(FJS/DEP), 2006 WL 2265028, at *4 (N.D.N.Y. Aug. 7, 2006)). Although Plaintiff alleges that his records falsely stated that he "signed out of school," he acknowledges that once he reported the false information to "his ORC K. Altman" on December 4, 2015, "she immediately corrected [it] and placed him back in school[] on December 8, 2015." ECF No. 48 at 35. Consequently, this claim is dismissed.

To the extent that the Amended Complaint repeatedly alleges that keeplock sanctions violated Plaintiff's constitutional rights, he must first demonstrated that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *See Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996). In order to establish the existence of a protected liberty interest, plaintiff must (1) "establish that the confinement or restraint complained of creates an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life;'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)), and (2) establish that "the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier*, 81 F.3d at 317

Here, Plaintiff has failed to demonstrate that the conditions under which he was held in keeplock were atypical or differed dramatically from the basic conditions of his incarceration, and therefore he has failed to state a due process claim. *See Garcia v. Miller*, 201 F.3d 431 (2d Cir. 1999) (no liberty interest established where plaintiff received seven-day and thirty-day terms

of keeplock); *Sullivan v. Schweikhard*, 968 F.Supp. 910, 913 (S.D.N.Y. 1997) (no protected liberty interest found where plaintiff was confined to keeplock for nine days).

F.     **Sexual Assault and Excessive Force**

The Court construes the Amended Complaint as alleging an Eighth Amendment excessive force violation based on Plaintiff's allegations of sexual abuse by Defendant Cady. The standard for determining whether a prison official has violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). Under *Hudson*, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321, (1986)). To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Id.* The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10.

As a result of the alleged assault here, Plaintiff states that he endured significant pain, discomfort, and the presence of blood in his urine, despite the lack of injury noted by a prison medical official. The Court disagrees with Defendants' characterization of the amended pleadings as alleging a non-actionable pat frisk and finds that the factual allegations against Defendant Cady, as described further above, are sufficient to state an Eighth Amendment violation claim. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to . . .

humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015).

To the extent that Plaintiff has asserted this claim against eleven additional Defendants, it is well settled that a prerequisite for liability under § 1983 is personal involvement by the defendants accused of the constitutional deprivation. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). Such involvement on the part of a supervisory official may be shown in one of several ways:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson*, 347 F.3d at 435; *see also Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 444 (S.D.N.Y. 2011) (holding that "the fact that an official holds a supervisory position is, standing alone, insufficient to establish that official's liability for the acts of his subordinates"). The Court finds that the amended pleadings fail to allege the personal involvement of any of the named Defendants apart from Cady. Consequently, this claim will be permitted to go forward as to Defendant Cady only.

### G. Deliberate Indifference to Dental Condition

Finally, Plaintiff's fourth cause of action against his prison dentist, Defendant Mewar, appears to bring allegations that are supplemental to his claims against Mewar in Plaintiff's prior related action, Case No. 13-CV-6594. Plaintiff alleges the same facts underlying his deliberate indifference claim in both cases and merely adds new factual allegations in the present action,

including complaints that Defendant Mewar failed to recommend an oral surgeon to perform a necessary tooth extraction. Inasmuch as this claim is based on the same set of facts and circumstances and appears to be relevant to the allegations against Defendant Mewar in the prior action, the Court will construe the new allegations as a motion by Plaintiff to amend the complaint in Case No. 13-CV-6594. Plaintiff's motion to amend is granted, these facts shall be read in conjunction with his Complaint in Case No. 13-CV-6594, and Defendant Mewar is terminated as a Defendant in this action.

### III. Preliminary Injunction

Plaintiff has filed a Motion for a Preliminary Injunction in which he seeks a single-bed cell, separation from all named Defendants so he can reenroll in school, a prohibition on planting contraband and filing false charges against Plaintiff, medical and dental treatment from non-named Defendants, properly cooked, hot food with milk, and the assignment of an unbiased inmate liaison and grievance representative. He is also seeking an immediate transfer out of the Five Points Correctional Facility.

It is well established that "[a] party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" *N.A.A.C.P., Inc. v. Town of East Haven*, 70 F.3d 219, 223 (2nd Cir. 1995) (quoting *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)); *PSC, Inc. v. Reiss*, 111 F.Supp.2d 252, 254 (W.D.N.Y. 2000). The Court finds that Plaintiff's Motion fails to demonstrate irreparable harm. All of the allegations in the Motion refer to prior acts, if any, not continuing constitutional deprivations, and moreover, are unrelated to Plaintiff's specific requests for injunctive relief or

surviving claims in this lawsuit. Plaintiff's Motion for a Preliminary Injunction is therefore denied.

## **CONCLUSION**

The Court has reviewed the Amended Complaint (ECF No. 48) pursuant to the 28 U.S.C. § 1915A criteria, and finds that the retaliation, sexual abuse, and excessive force claims against Defendant Cady are sufficient to go forward. Plaintiff's deliberate indifference claim against Defendant Mewar is construed as a motion to amend the complaint in *Houston v. Sheahan,* No. 13-CV-6594-FPG, to supplement his factual allegations against that Defendant only, that motion is granted, and Defendant Mewar is dismissed from this action. Plaintiff's remaining claims are dismissed in their entirety and the remaining Defendants are dismissed from this action. Plaintiff's Motion for Preliminary Injunction (ECF No. 65) is denied.

    IT IS SO ORDERED.

DATED:    August 29, 2017
              Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court