UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE HOUSTON,

                              Plaintiff,

                                                         Case # 14-CV-6609-FPG

v.

                                                         DECISION & ORDER

R. COVENY et al.,

                              Defendants.

## INTRODUCTION

Plaintiff Tyrone Houston ("Plaintiff") brought this action on October 28, 2014 against

Defendants seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.  He alleges numerous civil

rights violations during his confinement at Five Points Correctional Facility.  ECF No. 1.

On March 13, 2017, United States Magistrate Judge Jonathan W. Feldman issued a

Decision and Order granting Plaintiff's motion to preserve evidence and denying his motions to

appoint counsel and to sanction defense counsel.  ECF No. 67.  On March 30, 2017, Plaintiff filed

a Motion for Reconsideration as to that Order.  ECF No. 68.

On August 30, 2017, this Court issued a Decision and Order after reviewing Plaintiff's

Amended Complaint (ECF No. 48) pursuant to the 28 U.S.C. § 1915A criteria.  ECF No. 71.  On

September 6 and 11, 2017, Plaintiff filed Motions for Reconsideration as to that Order.  ECF Nos.

72, 73.

For the reasons that follow, all of Plaintiff's Motions for Reconsideration are DENIED.

**DISCUSSION**

Rule 60 of the Federal Rules of Civil Procedure governs relief from a court judgment or order, and therefore applies to Plaintiff's Motions for Reconsideration.[1] Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

## I.    Motion for Reconsideration as to Judge Feldman's March 13, 2017 Order

On March 13, 2017, Judge Feldman granted Plaintiff's motion to preserve evidence and denied his motions to appoint counsel and to sanction defense counsel. ECF No. 67.

---

[1]    Plaintiff requests relief pursuant to Fed. R. Civ. P. 52(b), however, "[t]he purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." *United States v. Local 180411, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993). There has not been a trial in this case, and all of Plaintiff's motions ask the Court to reconsider prior Decisions and Orders. Thus, the Court determines that Plaintiff's motions are best interpreted as motions for reconsideration pursuant to Rule 60.

Plaintiff's Motion for Reconsideration (ECF No. 68) asks the Court to resolve his then-pending Motion for a Preliminary Injunction (ECF No. 65). A few months later, on August 30, 2017, the Court denied the Motion for a Preliminary Injunction because it found that Plaintiff failed to demonstrate irreparable harm. ECF No. 71 at 12-13.

Plaintiff's Motion for Reconsideration also asks the Court to reconsider Judge Feldman's denial of his motion to sanction defense counsel. Plaintiff's motion for sanctions asked the Court to sanction Assistant Attorney General Gary M. Levine because he filed "procedurally deficient Rule 12 and Rule 56 motions, as a[n] unnecessary delaying tactic and disrespect for the Court." ECF No. 62 at 8. Judge Feldman denied that motion because there was no evidence that Mr. Levine engaged in misconduct and, despite Plaintiff's contrary assertion, Mr. Levine had not filed a dispositive motion in the case. ECF No. 67 at 5. Judge Feldman also noted that "a review of plaintiff's motion papers suggests that plaintiff is alleging counsel's misconduct in his other pending case in this district, *Houston v. Sheahan et al.*, 6:13-cv-6594-FPG." *Id.* Judge Feldman concluded that "[i]t is improper for plaintiff to seek sanctions in this case for something that has occurred in another case." *Id.*

Plaintiff's Motion for Reconsideration merely indicates that he "objects" to this determination and notes that he also filed a motion for sanctions in his other case, *Houston v. Sheahan et al.*, 6:13-cv-6594-FPG. ECF No. 68 at 1. Plaintiff has not pointed to "controlling decisions or data that the court overlooked," *Analytical Surveys, Inc.*, 684 F.3d at 52, and therefore his Motion for Reconsideration (ECF No. 68) as to Judge Feldman's March 13, 2017 Decision and Order (ECF No. 67) is DENIED.

**II.    Motions for Reconsideration as to this Court's August 30, 2017 Order**

On August 30, 2017, this Court issued a Decision and Order after reviewing Plaintiff's Amended Complaint (ECF No. 48) pursuant to the 28 U.S.C. § 1915A criteria. ECF No. 71. On September 6 and 11, 2017, Plaintiff filed Motions for Reconsideration as to that Order. ECF Nos. 72, 73. Plaintiff asserts that the Court erred when it dismissed his retaliation claims as to all Defendants, except Defendant Cady, and his claims that Defendants subjected him to false allegations and misbehavior reports. *Id.*

**A.    Retaliation**

As to Plaintiff's retaliation claims, the Court previously found that, with the exception of his retaliation claim against Defendant Cady for alleged sexual assault, each retaliation claim was wholly conclusory or failed to assert a causal connection between the protected speech and the alleged adverse action. ECF No. 71 at 4; *see Friedl v. City of New York*, 210 F.3d 79, 86 (2d Cir. 2000) (noting that a retaliation claim "must be supported by specific and detailed factual allegations, not stated in wholly conclusory terms"); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (setting forth the elements of a retaliation claim, including that "there was a causal connection between the protected speech and the adverse action"). The Court also noted that although Plaintiff specifically alleged that his legal documents were destroyed on February 28, 2015 in retaliation for filing this case, the docket reveals that the accused Defendants were not served until over two weeks later on March 10, 2015. ECF No. 71 at 4-5; ECF No. 8.

In Plaintiff's Motion for Reconsideration as to this issue, he again asserts that he was retaliated against "in response to this Court's 2/13/15 mailing of Summons and Complaint to Defendants." ECF No 72 at 1, 3-4. Again, the Court notes that although the Summonses in this

case were issued as to all Defendants on February 5 and 13, 2015, Defendants were not *served* with the Summons and Complaint until March 10, 2015. ECF No. 8.

The Court also previously found that Plaintiff failed to allege a causal connection between the filing of his lawsuit and the implementation of random drug tests despite his assertion that on February 18, 2015 he was unfairly added to the "Security Risk Group ("SRG") Cell Searches and Random Drug tests." ECF No. 71 at 5; ECF No. 48 at ¶ 40. In Plaintiff's Motion for Reconsideration as to this issue, he again asserts that Defendants added him to SRG on February 18, 2015 in retaliation after they were mailed the Summons and Complaint in this case on February 13, 2015. ECF No. 72 at 3-4; ECF No. 73 at 2. Again, as stated above, the docket in this case reveals that Defendants were not served until March 10, 2015. ECF No. 8.

### B. False Allegations and Misbehavior Reports

Plaintiff's Amended Complaint alleges that certain Defendants filed or threatened to file false disciplinary charges and misbehavior reports against him. As the Court explained previously, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report" absent additional factors, "such as retaliation against the prisoner for exercising a constitutional right." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). The Court found that Plaintiff had not alleged additional factors giving rise to a constitutionally guaranteed protection from the filing of false misbehavior reports. ECF No. 71 at 6. The Court also noted that, although Plaintiff's retaliation claims against Defendant Cady could proceed, Plaintiff had not alleged that Defendant Cady filed false charges against him. *Id.*

In Plaintiff's Motion for Reconsideration as to this issue, he argues that paragraphs 37 through 52 of his Amended Complaint properly allege these claims "in non-conclusory terms" with "factual allegations that are specific and detailed." ECF No. 72 at 2. The Court has reviewed those paragraphs of Plaintiff's Amended Complaint and it again finds that Plaintiff has not alleged additional factors giving rise to a constitutionally guaranteed protection from the filing of false misbehavior reports. Although Plaintiff repeatedly uses the term "retaliatory," this conclusory label is insufficient without additional allegations that he engaged in protected conduct and that there was a causal connection between that conduct and the adverse action. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("A complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone.").

The remainder of Plaintiff's Motions for Reconsideration do not "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth*, 729 F.3d at 104, and merely offer the same "arguments already briefed, considered and decided." *Schonberger*, 742 F. Supp. at 119. Accordingly, for all the reasons stated, Plaintiff's Motions for Reconsideration (ECF Nos. 72, 73) as to the Court's August 30, 2017 Decision and Order (ECF No. 71) are DENIED.

## CONCLUSION

Plaintiff's Motions for Reconsideration (ECF Nos. 68, 72, 73) are DENIED.

IT IS SO ORDERED.

Dated: October 24, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

6