UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE HOUSTON,
          Plaintiff,

     v.

R. COVENY, et al.,
          Defendants.

**DECISION AND ORDER**
14-cv-6609

## Preliminary Statement

*Pro se* plaintiff Tyrone Houston ("plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. See Compl. (Docket # 1). Plaintiff alleges that prison staff retaliated against him for filing grievance reports and another lawsuit that was recently dismissed. Id.; see Houston v. Sheahan et al., No. 13-cv-6594 FPG, 2019 WL 1060651 (W.D.N.Y. Mar. 6, 2019). All the defendants but C.O. Cady have been dismissed and "[t]he sole remaining claim in this lawsuit is the allegation that on September 22, 2015, C.O. Cady conducted a retaliatory pat frisk." Docket # 104.

Presently before the Court is plaintiff's motion to compel video footage and other documents responsive to his discovery requests. Docket # 102. Plaintiff's motion was filed on December 10, 2018. This Court previously issued an order directing defendants to preserve video and audio recordings of plaintiff's

1

tier and grievance hearings. Docket # 67. For the reasons that follow, plaintiff's motion to compel is **denied**.

## Discussion

Plaintiff requests that defendants disclose video footage from 9/8/15, 9/29/15, 9/30/15, 10/1/15, 10/6/15, 11/6/15, 12/22/15, and 12/31/15 grievance and tier hearings. Id. On March 13, 2017, this Court issued an order granting plaintiff's motion to preserve video and audio recordings of his tier and grievance hearings from these same dates. Docket # 67. Plaintiff renews his request and specifically wanted two of the tapes, from 12/22/15 and 12/31/15, for a deposition that occurred at Sing Sing Correctional Facility on December 12, 2018. Id. Plaintiff initially requested the videos in his first set of interrogatories to which defendants responded by stating the following: "Objection to the form of the request, the scope of the discovery request and the relevancy. The video of the incident in question (September 22, 2015) will be shown to plaintiff at his deposition." Docket # 96, at 5; Docket # 99, at 2.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in

2

the case.'" Albino v. Glob. Equip. USA, Ltd., No. 6:14-CV-06519(MAT), 2017 WL 3130380, at *1 (W.D.N.Y. July 24, 2017) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The Court has broad discretion in deciding a motion to compel discovery. See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999).

Defendants cannot produce video footage they do not have. Defense counsel represents that video from the relevant incident on September 22, 2015 was shown to the plaintiff at a deposition on December 12, 2018, and that he "do[es] not possess any other videos." Docket # 102. The plaintiff is insistent that DOCS has the demanded videos because this Court ordered those videos preserved. The Court, in its previous order, was quoting plaintiff's own motion to preserve evidence and was not commenting on whether the videos existed and were preserved. See Docket ## 57, 67. Defense counsel is presumably aware of his obligations under Federal Rule of Civil Procedure 26 to disclose relevant documents he has in his "possession, custody, or control", under Rule 11 not to make false representations to the Court, and to obey orders of this Court such as the March 13, 2017 order requiring that existing video footage be preserved.

Plaintiff also requests "medical records" related to the 12/22/15 and 12/31/15 incidents. Docket # 102. Defendants contend that plaintiff's medical records are available for his review at

3

the correctional facility where he currently resides and that plaintiff has been able to access his medical records in the past. Docket # 104. Defendants have also provided plaintiff with copies of his own medical records from September 9, 2015 to April 7, 2016. Id.; Docket # 101.

The Court accepts defense counsel's representation that DOCS preserved all videos after the Court's order of March 13, 2017 and that plaintiff has been provided with his own medical records and has ready access to them. Accordingly, plaintiff's motion to compel is **denied**.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     April 8, 2019
           Rochester, New York