UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



TYRONE HOUSTON,
      Plaintiff,

v.

ORDER
14-cv-6609-FPG-JWF

R. COVENY, et al.,
      Defendants.

## Preliminary Statement

Pro se plaintiff Tyrone Houston ("plaintiff" or "Houston") brought this § 1983 excessive force action alleging, inter alia, that defendant C.O. Lester Cady ("defendant" or "C.O. Cady") sexually assaulted him, retaliated against him, and used excessive force when conducting pat frisks on September 22, December 22, and December 31, 2015. See Docket # 71, at 5-6.[1]

Currently pending before the Court is plaintiff's motion to reconsider this Court's April 9, 2019 Decision and Order denying plaintiff's motion to compel (Docket # 110). For the following reasons, the motion to reconsider (Docket # 110) is **denied**.

## Discussion

Prior to the status conference Judge Geraci held on October 4, 2019, there was much confusion surrounding which claims remained at issue in this case. On March 13, 2017, this Court granted plaintiff's request to "'preserve the 9/8/15, 9/29/15, 9/30/15,

---

[1] Pursuant to a text order Judge Geraci issued on October 4, 2019, "[t]his case will proceed on Plaintiff's sexual abuse, excessive force, and retaliation claims related to the September 22, December 22, and December 31, 2015 incidents." Docket # 119.

1

10/1/15, 10/6/15, 11/6/15, 12/22/15, and 12/31/15 videos and audios recordings'" and ordered defendants to "suspend [their] 'routine document and retention/destruction policy.'" Docket # 67, at 1-3 (quoting Pl.'s Mot., Docket # 57).

On August 30, 2017, Judge Geraci issued a Decision and Order regarding plaintiff's amended complaint in which all claims against all defendants were dismissed except the claims for retaliation, sexual abuse, and excessive force against C.O. Cady stemming from a September 22, 2015 pat frisk of the plaintiff. Docket # 71.

Plaintiff subsequently made a motion to compel video footage from several dates including, inter alia, December 22, 2015 and December 31, 2015, which he insisted had been preserved. See Docket # 102. On April 9, 2019, this Court denied plaintiff's motion to compel based on Assistant Attorney General Gary Levine, Esq.'s declaration (Docket # 104) stating that the video from the relevant incident (September 22, 2015) had been shown to plaintiff at his deposition and Mr. Levine did not possess any other videos. Docket # 107.

Plaintiff argues in his motion to reconsider denial of his motion to compel that the Court "erred in accepting defendant's counsel [sic] representation that DOCS preserved all video after the Court order on March 13, 2017, and that plaintiff has been

2

provide [sic] with those video tape [sic] for 12/22/15 and 12/31/15" because

> the 12/22/15 and 12/31/15 video and audio recordings were already preserved, since the Facility obtained those tape [sic] in response to PLaintiff's [sic] PREA Complaint#2016-01, concerning defendant Cady's sexual abuse and sexual assault on 12/22/15 and 12/31/15. <u>See Plaintiff's 4/25/18 Supplemental Complaint, at para.#11- and #12 with supporting Exhibits-C and D(annexed thereto)</u> [sic].

Docket # 110, at 4 (emphasis in original).

Defense counsel told Judge Geraci at the October 4, 2019 status conference that he had recently inquired of the correctional facility whether there were any videos of the December 22, 2015 and December 31, 2015 incidents. He was told that there were none. Docket # 122. As the Court previously stated, "[d]efendants cannot produce video footage they do not have." Docket # 107, at 3. Plaintiff's motion to reconsider is therefore **denied**.

## Conclusion

For the foregoing reasons, plaintiff's motion to reconsider denial of his motion to compel (Docket # 110) is **denied**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November 4, 2019
Rochester, New York

3