UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

TYRONE HOUSTON,

                                  Plaintiff,               Case # 14-CV-6609-FPG

v.                                                               DECISION AND ORDER

R. COVENY, et al.,

                                  Defendants.
───────────────────────────────

## INTRODUCTION

On March 9, 2020, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment, Motion *in Limine*, and Motion to Appoint Counsel. ECF No. 142. The Court assumes the parties' familiarity with the facts of the case as more fully set out in its March 9, 2020 Decision and Order. Briefly, the Court found that an issue of fact existed with respect to whether Defendant used excessive force and sexually abused Plaintiff during the September 22, 2015 pat frisk incident. ECF No. 142 at 6-8. The Court also found that Plaintiff failed to exhaust his administrative remedies for the December 22 and 31, 2015 incidents. ECF No. 142 at 11-14.

Plaintiff filed a Motion to Reconsider the Court's Decision and Order. ECF No. 145. For the reasons that follow, Plaintiff's Motion to Reconsider is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.

2012) (quotation and citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation quotation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (quotation and citation omitted). Accordingly, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

## DISCUSSION

The Court's previous order granting Defendant's motion for summary judgment with respect to the December 22 and 31, 2015 incidents was based on Plaintiff's failure to exhaust his administrative remedies for his related grievances. ECF No. 142. Plaintiff argues that his compliance with Department of Corrections and Community Supervision ("DOCCS") Directive 4040 deems his administrative remedies exhausted. ECF No. 145 ¶ 6. The Court agrees with respect to the December 31, 2015 incident, only.

>  DOCCS Directive 4040 provides that
> 
> The Department has zero tolerance for sexual abuse and sexual harassment. Consistent with this policy and the Prison Rape Elimination Act (PREA) Standards (28 C.F.R. § 115.52(a)), an inmate is not required to file a grievance concerning an alleged incident of sexual abuse or sexual harassment to satisfy the Prison Litigation Reform Act (PLRA) exhaustion requirement (42 U.S.C. § 1997e(a)) before bringing a lawsuit regarding an allegation of sexual abuse as long as the matter was reported as set forth below. . . .
>     (1) an inmate who alleges being the victim of sexual abuse or sexual harassment reported the incident to facility staff; in writing to Central Office Staff; to any outside agency that the Department has identified as having agreed to receive

2

> and immediately forward inmate reports of sexual abuse and sexual harassment to agency officials under the PREA Standards (28 C.F.R. § 115.51(b)); or to the Department's Office of the Inspector General; or
> (2) a third party reported that an inmate is the victim of sexual abuse and the alleged victim confirmed the allegation upon investigation.

7 N.Y.C.R.R. § 701.3(i)(1)-(2).

If a grievance does not contain allegations of sexual abuse, an inmate must follow a different exhaustion process as detailed in the Court's previous order. Briefly, once an inmate files a grievance, it is forwarded to the Inmate Grievance Resolution Committee ("IGRC"). 7 N.Y.C.R.R. § 701.5(a)-(b); *see* ECF No. 142 at 12; ECF No. 153 ¶¶ 19-20. An inmate can appeal the IGRC's decision to the facility superintendent, and then appeal the superintendent's decision to the Central Office Review Committee ("CORC") by submitting the requisite forms within 7 days of receiving the disposition at each stage. 7 N.Y.C.R.R. § 701.5(c)(1), (d)(i); ECF No. 142 at 12; ECF No. 153 ¶¶ 21-23. Only once a grievance is fully appealed to, and a decision is rendered from, CORC may an inmate commence a lawsuit in federal court. ECF No. 153 ¶ 24; *see* 7 N.Y.C.R.R. § 701.5.

The Court turns now to the application of Directive 4040 to each alleged incident.

**I.    December 22, 2015 Incident**

Based on Defendant's submitted documents and representations that no such grievance had been received or appealed to CORC, the Court found that Plaintiff had not exhausted his administrative remedies with respect to the December 22, 2015 incident grievance. ECF No. 142 at 11-14.

In his response to Plaintiff's motion, Defendant now admits that

> Defendants' Summary Judgment Motion was incorrect in stating that Plaintiff did not file a grievance regarding the December 22, 2015, incident. His grievance of that incident was combined with Plaintiff's grievance regarding the December 31, 2015, incident and thus did not appear as a separate grievance on the grievance

> logbook. Defendants apologize for unintentionally misrepresenting this fact to the Court.

ECF No. 153 ¶ 8 (internal citations to record omitted).

Nonetheless, Defendant argues that Plaintiff's administrative remedies have still not been exhausted. *Id.* ¶ 9. The December 22, 2015 incident, by Plaintiff's own description, involved Defendant ordering Plaintiff to put his hands up on a wall, making "threaten[ing] comments" to Plaintiff, and then kneeing Plaintiff in his knee. ECF No. 85 at 26. Because the allegations contained in the December 22, 2015 grievance do not concern sexual abuse, Directive 4040's exhaustion process does not control. Plaintiff was required to follow the regular exhaustion procedure which Defendant contends Plaintiff did not do. ECF No. 153 ¶¶ 9, 10, 27.

As Defendant concedes, Plaintiff's grievances for the December 22 and 31 incidents were combined into grievance number FPT-31235-16 and forwarded to the IGRC. ECF No. 153 ¶ 8. Later in the appeal process, Plaintiff received a response from the superintendent and signed the appeal form within 7 days as required. ECF No. 135 at 42. Plaintiff contends that he then "personally handed [the appeal form] to the 2/9/16 IGRC Clerk, while headed into law library." ECF No. 145 ¶ 6.

As the Court previously noted, however, CORC records and a log report Defendant submitted showing Plaintiff's closed cases and the appeal status of Plaintiff's grievances establish that complaint FPT-31235-16 was never appealed to CORC. ECF No. 134 at 10-11; ECF No. 153 at 25. Moreover, the log report is accompanied by a certification signed by Brenda Griffin, an office assistant for DOCCS, certifying that the log report was made in the regular course of business and that "the employees who created the [log report] had a duty to truthfully record" the events contained in it.  ECF No. 127-4 at 5; ECF No. 153 at 24.

Plaintiff's allegation that Defendant "has submitted an altered and doctored print out of Plaintiff's grievance logbook prints for 2015-2016" remains conclusory and unsubstantiated. ECF No. 155 ¶ 5. Plaintiff has submitted no evidence, apart from his own assertion, that shows the December 22, 2015 grievance was appealed to CORC.

Plaintiff cites *Williams v. Corr. Officer Priatno*, 829 F.3d 118 (2d Cir. 2016) for the proposition that the Court should deem his administrative remedies exhausted for his December 22, 2015 grievance because the grievance process was "so opaque" and "so confusing that . . . no reasonable prisoner can use [it]." ECF No. 145 ¶ 10. The Court disagrees.

"Included within the [Inmate Grievance Program's] exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit." *Lovell v. McAuliffe*, No. 9:18-CV-0685 (TJM/CFH), 2019 WL 4143361, at *5 (N.D.N.Y. May 1, 2019), *report and recommendation adopted*, No. 9:18-CV-0685, 2019 WL 4142593 (N.D.N.Y. Aug. 30, 2019) (quotation and citation omitted). CORC then provides a written response to Plaintiff's appeal within 30 days of receipt. 7 N.Y.C.R.R. § 701.5(d)(3)(ii).

No evidence of a response from CORC exists in the record here. Though courts are split on whether a delay in a response from CORC constitutes exhaustion of administrative remedies, *Lovell*, 2019 WL 4143361, at *6 (collecting cases), there is no evidence in the record that Plaintiff otherwise attempted to follow up on the status of his appeal when he did not receive a response within 45 days per 7 N.Y.C.R.R. § 701.5(d)(3)(i).

Given the lack of evidence that Plaintiff's appeal to CORC was ever filed, or ever followed up on, it is not that the full scope of administrative remedies was not available to Plaintiff—rather, Plaintiff failed to fully exhaust the administrative remedies available to him. *See Teaque v. Mullen*, No. 9:18-CV-01412 (GTS/CFH), 2019 WL 8589277, at *7 (N.D.N.Y. Dec. 17, 2019) (collecting

cases finding that grievance process was available and inmates' failure to follow up on delayed response from CORC did not satisfy exhaustion requirement); *cf. Lovell*, 2019 WL 4143361, at *7 (finding grievance process was unavailable and inmate exhausted administrative remedies when CORC had record of receiving appeal but did not respond for 2 years and inmate repeatedly followed up on status of appeal in the interim). Accordingly, Plaintiff's Motion to Reconsider is DENIED with respect to the December 22, 2015 incident because Plaintiff has not exhausted the administrative remedies available to him.

## II.     December 31, 2015 Incident

DOCCS Directive 4040's exhaustion procedure applies to Plaintiff's December 31, 2015 incident grievance because it contains allegations of sexual abuse. Therefore, Plaintiff was not required, as the Court previously found, to appeal the grievance to CORC. ECF No. 142 at 11-14; ECF No. 153 ¶ 26.

Accordingly, as Defendant concedes, Plaintiff has exhausted his administrative remedies for the December 31, 2015 incident, and that claim may go forward. ECF No. 153 ¶ 6. Plaintiff's Motion to Reconsider is GRANTED with respect to the December 31, 2015 incident.

## CONCLUSION

Plaintiff's Eighth Amendment sexual abuse and excessive force claims stemming from the September 22, 2015 and December 31, 2015 pat frisks may go forward. The Court has set a trial date for July 13, 2020. A pre-trial conference has already been set for June 4, 2020. ECF No. 143.

IT IS SO ORDERED.

Dated:  May 14, 2020
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court